UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
**WESLEY ARTOPE,**                                        Docket No.: **05CV9283**

                         **Plaintiff,**

-against-                                                  **COMPLAINT WITH**
                                                                **JURY DEMAND**

**CENTER FOR ANIMAL CARE AND CONTROL,
Inc., NEW YORK CITY ANIMAL CARE AND
CONTROL, and ED BOKS,**

                         **Defendant.**
-----------------------------------------------------------------------X

       Plaintiff, Wesley Artope by his attorney, William T. Martin, Esq, complain as follows:

### JURISDICTION AND VENUE

1.     Venue is properly laid in this Court pursuant to 28 U.S.C. section 1332 and 42 U.S.C. 1983, 1988 and 2000e et seq.

2.     The cause of action herein alleged arose in the County of New York in the City and State of New York.

### NATURE OF THE CASE

3. This is an action arising under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 1983, 1988, 2000e *et. seq.* ("Title VII"), The Fair Labor Standards Act of, 1938, 29 U.S.C. §206(d), as amended by The Equal Pay Act 29 U.S.C. § 206(d), and the laws of New York State and damages to redress the injuries Plaintiff has suffered as a result of being discriminated against by his employer on the basis of race

### PARTIES

4. Plaintiff WESLEY ARTOPE ( hereinafter also described as "Plaintiff ARTOPE" and/or "ARTOPE") is a male citizen of the United States and was a resident of the State Of New York during the relevant time period.

5. Defendant Center for Animal Care and Control, Inc. (also described herein as "CACC") is an "employer" as defined in 42 U.S.C. §2000e(b) that employs approximately 200 persons and is engaged in an industry affecting commerce.

6. Defendant Animal Care and Control, Inc. (also described herein as "CACC") is an "employer" as defined in 42 U.S.C. §2000e(b) that employs approximately 200 persons and is engaged in and industry affecting commerce.

7. Upon information and belief, defendant Center for Animal Care and Control, Inc. has recently charged its name to New York City Animal Care and Control.

8. Defendant ED BOKS is the Executive Director at CACC.

9. Plaintiff ARTOPE received a Notice of Right to sue letter from the Equal Employment Opportunity Commission ("EEOC") with respect to the charges of discrimination entitling her to commence a civil action under Title VII within 90 days of the receipt of the notice

dated August 4, 2005.

**FACTS**

10.  On or about September , 1997 plaintiff ARTOPE was hired at the Head Veterinary Technician/Medical Manager for the Defendant Center for Animal Care and Control (CACC).

11.  On or about November, 1998 ARTOPE was promoted to Assistant Director of the entire Manhattan shelter by Marilyn Blohm (Former Executive Director).

12.  On or about September 1990 ARTOPE was promoted to CACC Training Coordinator and in addition functioned as the Shelter Animal Evaluator/Behaviorist.

13.  On or about March 2000, Artope was promoted to the Director of Training Position at CACC.

14. On or about February 2002, ARTOPE was promoted to the Deputy Director of Shelter Operations.

15. On or about January 2003, ARTOPE was promoted to the position of Director of Shelter Operations.

16. On or about July 2003, defendant CCAC hired defendant BOKS to be it's Executive Director.

17. That prior to defendant CCAC hiring defendant BOKS, plaintiff ARTOPE was often time underpaid for the work he performed, outside of his job title and was paid at a disparate rate when compared with his white colleagues with similar skills and abilities.

18. On or about July 2003, defendant CCAC and defendant BOKS hired a white male employee Richard Gentles with no prior experience in the animal care field to assist defendant BOKS and CCAC conduct an overall evaluation of the organization.

19. On or about August 2003 defendant BOKS arbitrarily reduced plaintiff ARTOPE's salary with the approval of CCAC by eight thousand dollars but not that of his white counter parts who were similarly situated.

20. On or about September 2003, defendant BOKS appointed the white male he had previously hired, (Gentles) to assist defendant BOKS and CCAC conduct an overall evaluation of the organization.

21. That defendant CCAC and BOKS created the position for GENTLES who had no prior experience in the animal care field to be the director of the organization and plaintiff ARTOPE's supervisor.

22. At no time was plaintiff ARTOPE offered the opportunity to interview for this new position which defendant CCAC and BOKS created for GENTLES.

23. The failure on the part of defendant CCAC and BOKS to post the position or solicit interviews was a departure from the normal course of procedure, and was utilized by defendant CCAC and BOKS to hire a less qualified white male (GENTLES) over the more experienced African-American male employee, plaintiff ARTOPE.

24. During plaintiff ARTOPE's tenure with defendant CCAC he had performed in various positions and at one point was directly responsible for seven departments within the organization.

25. On or about January 2004, defendant BOKS with the consent and approval of defendant CCAC terminated plaintiff ARTOPE's employment claiming his position was being eliminated.

26. Plaintiff ARTOPE's responsibilities and duties were thereafter assumed by GENTLES, a white male with no prior experience in the animal care field; Gentles was less qualified than plaintiff ARTOPE; who was never considered for the Director of Operations position because he is African -American.

## AS AND FOR A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII

27. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a)(1), provides that it shall be an unlawful employment practice for an employer " (1) to . . . discharge any individual or otherwise discrimination against any . . . individual . . . because of such individuals race . . ." .

28. Defendant CCAC engaged in an unlawful employment practice prohibited by 42 U.S.C. § 2000e-2(a)(1) by terminating and otherwise discriminating against plaintiff ARTOPE because of his race.

29. As a result of the foregoing plaintiff ARTOPE has sustained damages in an amount to be determined.

## AS AND FOR A SECOND CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

30. That plaintiff repeats and restates the allegations set forth in paragraph(s) 1-29 as if said allegations were fully set forth herein.

31. New York State Executive Law § 296(1)(a) provides that it shall be unlawful discriminatory practice. "For an employer . . . because of the race . . . of any individual . . . to discharge from employment such individual or to discriminate against such individual in . . . terms, conditions, or privileges of employment."

32. Defendant CCAC and BOKS engaged in an unlawful discriminatory practice in violation of New York State Executive Law § 296(1)(a) by discrimination against plaintiff ARTOPE because of his race.

33. As a result of the foregoing plaintiff ARTOPE has suffered damages in an amount to be determined.

## AS AND FOR A THIRD CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

34. Plaintiff repeats and realleges each and every averment in paragraphs 1-33 as if fully set forth herein.

35. That the aforesaid actions of the individual Defendants constitute intentional infliction of emotional distress on the Plaintiff under the laws of the City, State of New York, and as a result of his sudden wrongful termination of employment Plaintiff ARTOPE sustained serious emotional injuries.

36. That as a proximate result of the aforesaid acts and omissions by the Defendants BOKS and CCAC, the Plaintiff has suffered both general and pecuniary damages and severe

emotional distress.

## AS AND FOR A THIRD CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE NEW YORK CITY
## ADMINISTRATIVE CODE

37. Plaintiff repeats and realleges each and every averment in paragraphs 1-36 as if fully set forth herein.

38. The New York Administrative Code Title 8, § 8-107(1)(a) provides that it shall be an unlawful discriminatory practice. "For an employer . . . because of race . . . to discharge from employment such person or to discriminate against such person . . .".

39. Defendant CCAC and BOKS engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, § 8-107(1)(a) by discriminating against plaintiff ARTOPE because of his race.

40. As a result of the foregoing plaintiff ARTOPE has sustained damages in an amount to be determined.

**WHEREFORE**, plaintiff ARTOPE  Prays:

1. That the Court find and declare that the Plaintiff ARTOPE has suffered from acts of racial discrimination at the hands of defendant CCAC and BOKS, or their agents, servants and employees, prohibited by Title VII of the Civil Rights of 1964, as amended, 42 U.S.C. § 2000e et. seq.; New York State Executive Law § 296 et. seq. and New York City Adiminstrative Code Title 8,§ 8-107 et. seq.;

2. That the Court reinstate plaintiff ARTOPE to his former job and/or awarding future income to plaintiff ARTOPE in an amount to be proven representing all loss of future earnings including reasonable and expected increases, loss of retirement income and all other benefits he would have been expected to earn during his lifetime had it not been for defendants unlawful

discharge of his employment;

3.  Awarding damages to the plaintiff ARTOPE for back pay and to otherwise make him whole for any losses he suffered as a result of such unlawful practices;

4.  Awarding plaintiff ARTOPE compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to his reputation to be proven at trial;

5.  Awarding plaintiff ARTOPE punitive damages against defendant BOKS and CCAC;

6.   Awarding plaintiff ARTOPE attorney fees, costs and expenses;

7.  And such other and further relief as to this court seems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury as to all issues herein.


Dated: Brooklyn, NY
      October 28, 2005

                                    William T. Martin, Esq. (WM0306)
                                    William T. Martin & Associates
                                    32 Court St., Suite 707
                                    Brooklyn, New York 11201
                                    Telephone 718- 625-2537


**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**------------------------------------------------------------------------X**

**WESLEY ARTOPE,**                                                                  Docket No.: 05CV9283
                       **Plaintiff,**

-against-                                                                                    **ATTORNEY'S**
                                                                                                                    **VERIFICATION**

**CENTER FOR ANIMAL CARE AND CONTROL,
Inc., NEW YORK CITY ANIMAL CARE AND
CONTROL, and ED BOKS,**

                       **Defendants.**
-------------------------------------------------------------------X

     **WILLIAM T. MARTIN**, an attorney duly admitted to practice law before all the Courts of the State of New York and elsewhere hereby affirms, under penalties of perjury:

     That he is the attorney for the plaintiff in the within action; that he has read the foregoing **SUMMONS & COMPLAINT** and knows the contents thereof; that the same is true to his own knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters he believes it to be true and the reason that this verification is not made by plaintiff and is made by deponent is that the plaintiff is not presently in the County where the attorneys have their office.

     Deponent further says that the reason this **SUMMONS & COMPLAINT** is verified by the attorney rather than the Petitioner, is because your plaintiff is currently out of the County.


Dated: Brooklyn, NY
       October 28, 2005

                                                                                      William T. Martin, Esq.(WM0306)